IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FELIPE DANYEL MCMILLIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:10CV611 |
| ) | |
| SUP'T. P.C.I. TODD PINION, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Petitioner was convicted on February 14, 2002, in the Superior Court of Cabarrus County, of attempted first-degree murder, discharging a firearm into occupied property, and possession of a firearm by a felon in cases 00 CRS 10443-10445. (Docket Entry 1, §§ 1, 2, 5.) He was sentenced to 220 to 273 months of imprisonment for the attempted murder conviction, 34 to 50 months for discharging a firearm into occupied property, and 16 to 20 months for possession of a firearm by a felon. State v. McMillian, No. COA 02-854, 157 N.C. App. 575 (table), 2003 WL 21038384, at *2 (May 6, 2003) (unpublished). Petitioner took a direct appeal but the North Carolina Court of Appeals found no error. Id. at *2-3.

Petitioner did not further pursue his direct appeal and did not file anything more in the state courts until November 18, 2008, when he filed a motion for appropriate relief in Cabarrus County.

(Docket Entry 1, §§ 9-11; Docket Entry 9, Ex. 2; Docket Entry 13 at 2.) After appointing counsel and holding an evidentiary hearing, the state court denied that motion. (Docket Entry 9, Ex. 3.) Petitioner then petitioned for a writ of certiorari in the North Carolina Court of Appeals, which request that court denied on March 31, 2010. (Id., Ex. 6.) Petitioner signed and dated his instant Petition as mailed on July 19, 2010. (Docket Entry 1 at 14.) He originally sent the Petition to the United States District Court for the Western District of North Carolina (which received the Petition on August 2, 2010 (Docket Entry 1 at 1)), but that court transferred the Petition to this Court. (Docket Entry 2.) This Court received the Petition on August 9, 2010. (See Docket Entry 3.) Respondent has now moved for dismissal of the Petition on statute of limitations grounds. (Docket Entry 8.)

## Petitioner's Claim

The Petition raised only a single claim for relief, that Petitioner received ineffective assistance of counsel because his attorney was aware of a police report that "was so vital to [Petitioner's] defense that had he adequately investigated the investigative report he would have discovered and presented to the jury substantial exculpatory evidence" that a neighbor of the victim saw three unidentified men running from the crime scene at the time shots were fired into the victim's apartment and that a confidential source had implicated another man in the shooting. (Docket Entry 1, § 12, Ground One Supporting Facts and Ex. A.)

-2-

**Discussion**

Respondent requests dismissal on the ground that the Petition was filed[1] beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[1] "In [<u>Houston v. Lack</u>, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." <u>Id.</u> at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See <u>Allen v. Mitchell</u>, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. <u>United States v. Torres</u>, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see <u>Smith v. Woodard</u>, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that <u>Houston</u>'s rule governed filing date of § 2254 petition); <u>Ostrander v. Angelone</u>, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

>   made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The first possible beginning date for Petitioner's one-year limitation period is thus "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court therefore must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, the North Carolina Court of Appeals denied Petitioner's appeal on May 6, 2003, and Petitioner did not appeal further. Therefore, his conviction became final on June 10, 2003, when the time for him to seek discretionary review from the North Carolina Supreme Court expired. See Harb v. Keller, No. 1:09CV766, 2010 WL 3853199, at *2-5 (M.D.N.C. Sept. 28, 2010) (unpublished).[2] Petitioner's time to file under subparagraph (A) began to run on that date and expired a year later without Petitioner having filed a petition in this Court.

Moreover, Petitioner filed nothing more in any court until he filed his motion for appropriate relief on November 18, 2008, more than five years after his conviction became final. State post-

---

[2] Respondent has calculated that thirty-five days from the Court of Appeals' opinion as ending on Saturday, June 7, 2003. (Docket Entry 9 at 3, n.2.) The difference between that end date and the following Monday, June 9, 2003, does not affect the outcome of this case.

-4-

conviction filings toll the one-year federal limitations period for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).[3] However, Petitioner's time to file in this Court had expired before he filed the motion for appropriate relief in state court and state post-conviction filings made after the federal limitations period has already run do not revive or restart the time to file in federal court. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Because the Petition is untimely under subparagraph (A) of Section 2244(d)(1), the Court cannot consider the Petition unless another subparagraph of that provision renders the Petition timely.

The record does not reveal any basis for concluding that subparagraphs (B) or (C) of Section 2244(d)(1) apply in this case. However, in addressing the police report underlying his claim, Petitioner does make an argument seeking to invoke subparagraph (D), under which a petitioner's time to file can begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[3] "Tolling for state collateral review does not include time for pursuing certiorari with the United States Supreme Court. See Atkinson v. Angelone, 20 Fed. Appx. 125, 127-28 (4th Cir. 2001); Crawley v. Catoe, 257 F.3d 395, 397-401 (4th Cir. 2001); Torres v. Lee, No. 1:05CV661, 2006 WL 1932328 (M.D.N.C. July 11, 2006) (unpublished) (recommendation of Dixon, M.J., adopted by Beaty, J.), appeal dismissed, 207 Fed. Appx. 269 (4th Cir. 2006); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 597 (M.D.N.C. 2004) (recommendation of Eliason, M.J., adopted by Osteen, Sr., J.)." Gantt v. Anderson, No. 1:09CV40, 2010 WL 3895576, at *3 n.4. (M.D.N.C. Sept. 29, 2010) (unpublished).

diligence." This provision establishes an objective, rather than subjective, test. Wood v. Spencer, 487 F.3d 1, 5 (1st Cir. 2007) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)); accord Starns v. Andrews, 524 F.3d 612, 618 (5th Cir. 2008); Felder v. Faulkenberry, No. CIVA 4:06-1377 PMD, 2007 WL 320907, at *6 (D.S.C. Jan. 30, 2007) (unpublished). In other words, subparagraph (D) turns upon what a defendant fairly could have known, not what he actually did or did not know. Id. The test "does not require the maximum feasible diligence but only due, or reasonable diligence." Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004) (internal quotation marks omitted). "Due diligence means the petitioner 'must show some good reason why he or she was unable to discover the facts' at an earlier date." Melson v. Allen, 548 F.3d 993, 999 (11th Cir. 2008) (quoting In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997)), cert. granted and judgment vacated on other grounds, 130 S.Ct. 3491 (2010).

In this case, the Petition states that Petitioner was not aware of the police report upon which his claim for relief is based until 2007, when it was "brought to [his] attention" in some unidentified manner. (Docket Entry 1, § 18.) According to the Petition, Petitioner then began working to file his motion for appropriate relief and § 2254 petition and did the best he could considering his status as a layman and inability to secure counsel to help with the filings. (Id.) This argument neither triggers subparagraph (D) nor makes the Petition timely even if subparagraph (D) applied.

First, the Petition states only that Petitioner did not know of the key police report until "2007." (Id.) This statement fails even to assert, much less to establish, that Petitioner could not have discovered the report through the exercise of due diligence at the time of his conviction in 2003 or at some other point well prior to any date in 2007. Indeed, Petitioner neither has provided an explanation for his failure to discover the report sooner nor even set out the circumstances of his discovery of the report.

Moreover, the state court record undermines Petitioner's position. Petitioner claimed in his motion for appropriate relief and a supporting affidavit that his attorney did not show him the police report in question. (Docket Entry 9, Ex. 2 at 3 and Ex. C.) However, after appointing counsel for Petitioner and conducting an evidentiary hearing on the matter, the state court did "not accept [Petitioner's] version of events" regarding his attorney's alleged failure "to provide [him] with the information in the discovery documents within a reasonable time." (Id., Ex. 3 at 4.) Petitioner has done nothing to rebut that finding in this Court. (See Docket Entry 1, § 18; Docket Entry 13 at 1-6.) In the end, Petitioner cannot take advantage of the alternate time period described in subparagraph (D) because he has failed to show that a person exercising due diligence could not have discovered the key police report before 2007.

In addition, even if the Court assumed Petitioner could not have learned of the report before 2007 and that subparagraph (D) applied under circumstances where a petitioner's attorney but not

-7-

a petitioner knew about a report, the Petition would remain untimely.  Respondent has calculated the time for filing under subparagraph (D) as commencing on December 31, 2007 (i.e., the last possible day in 2007), because the Petition gave no specific date within 2007 for Petitioner's discovery of the report at issue and Respondent wished to give Petitioner the benefit of every possible doubt. (Docket Entry 9 at 4-5.) Using that approach, Petitioner's one-year federal limitations period began to run on December 31, 2007, and ran for 323 days until he filed his motion for appropriate relief on November 18, 2008, with 42 days left for Petitioner to file in this Court following the completion of the state post-conviction review process.[4]  The time to file in this Court then began to run again on March 31, 2010 (when the North Carolina Court of Appeals denied Petitioner's petition for certiorari) and expired on May 12, 2010.  The Petition was not signed and dated as submitted for mailing until more than two months later, on July 19, 2010.  Therefore, it would remain out of time even under subparagraph (D).

Petitioner has not contested this time line, but instead has tried to avoid the unfavorable outcome by making an argument seeking equitable tolling, specifically that "he sent his [motion for appropriate relief and/or related documents] by way of certified mail during the early months of 2008 . . . [but] the Postal Service lost important documents that he had intended to

---

[4] Utilizing the date Petitioner signed his motion for appropriate relief (November 17, 2008 (Docket Entry 9, Ex. 2 at 9)) would not alter the outcome of this case.

-8-

submit to the court." (Docket Entry 13 at 3.)[5]  It then took Petitioner some months to regain copies of these materials and to file his motion for appropriate relief in November of 2008.  (Id. at 3-4.)  According to Petitioner, but for the lost mailing, his motion for appropriate relief "would have been filed at least 7 months before the November 17, 2008 date." (Id. at 4.)  In support of this contention, Petitioner has provided a letter he wrote to an unidentified clerk of court on June 4, 2008, reporting the loss of his papers, as well as certain prison grievances from 2010 in which prison officials appear to agree that, at some unidentified time, Petitioner did send a certified mail package that got lost in the mail.  (Id., Ex. 4.)

The one-year federal habeas limitation period is subject to equitable tolling.  Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).  Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Assuming that the alleged loss of the motion for appropriate relief by prison officials or the postal service occurred as

---

[5] Petitioner's response states that he attempted to mail his "petition." (Docket Entry 13 at 3.)  However, his arguments and supporting exhibits make it clear that he actually means his motion for appropriate relief and/or documents he intended to attach to his motion for appropriate relief (rather than his instant Petition).  (See id. at 3-5 and Ex. 4.)

-9-

Petitioner claims[6] and qualifies as an "extraordinary circumstance," Petitioner still cannot prevail. He seeks seven months of equitable tolling. (Docket Entry 13 at 4.) If granted, such a period of tolling would appear to make the filing of the Petition timely under the calculations set out above (see supra, pp. 7-8). However, Petitioner's exhibits also expose those calculations as far too generous.

For example, Respondent assumed a date of December 31, 2007, for Petitioner's discovery of the police report. However, the same letter to the unidentified clerk of court which reports the loss of the motion for appropriate relief and/or related documents also states that Petitioner learned of the key police report "about the middle of 2007." (Docket Entry 13, Ex. 4.) Therefore, the exhibit that Petitioner seeks to use to gain approximately seven months of equitable tolling also indicates that his Petition was filed approximately six months further out of time than previously calculated. As a result, instead of being filed just over two months late, the Petition actually was filed just over eight months out of time. Tolling of seven months as Petitioner requested, therefore, would not make the Petition timely. For all of these reasons, the Petition was not timely filed and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 8) be **GRANTED**, that the Petition (Docket

---

[6] Notably, however, Petitioner's exhibits do not establish the exact dates on which such events allegedly occurred. (See Docket Entry 13, Ex. 4.)

Entry 1) be **DENIED**, and that Judgment be entered dismissing this action.

                                         /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                 **United States Magistrate Judge**

September 13, 2011